[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8480RE: MOTION TO DISMISS FILED BY CSR LIMITED
Defendant CSR Limited (CSR) moves to dismiss the plaintiffs' complaint on the ground this court lacks personal jurisdiction over CSR. The defendant contends, first, that the applicable long-arm statute, General Statutes § 33-411(c)(3), does not authorize this court to assert jurisdiction and, second, that this court's asserting jurisdiction under the statute would violate the due process clause of the Fourteenth Amendment to the United States constitution. For the reasons stated below, the motion to dismiss is granted.
The plaintiffs seek compensation from CSR and other defendants for injuries caused when the plaintiffs were exposed to construction products that contained asbestos. One of the construction products was asbestos cement pipes ("transite pipes") made by the Johns-Manville Corporation, which is a New York company with no plants in Connecticut. From approximately 1949 to 1966, CSR sold asbestos fiber to Johns-Manville. The fiber was sold "F.O.B. Australia." The plaintiffs claim that Johns-Manville used CSR's asbestos in the manufacture of pipes that were sold in Connecticut.
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required." Knipplev. Viking Communications, Ltd., 236 Conn. 602, 605, 674 A.2d 426
(1996). The court must first determine whether Connecticut's applicable long-arm statute authorizes the assertion of jurisdiction over the defendant. Id. Only if personal jurisdiction is warranted under state law does the court reach the issue of whether the assertion of jurisdiction violates the due process clause. United States Trust Co. v. Bohart,197 Conn. 34, 39, 495 A.2d 1034 (1985).
The plaintiffs claim that this court may exercise jurisdiction over CSR under General Statutes § 33-411(c)(3). Section 33-411(c)(3) provides: "(c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . (3) out of the CT Page 8481 production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers."[1]
The plaintiffs argue that this court has jurisdiction because CSR had knowledge that its asbestos would be used in Johns-Manville's products and that it knew, or should have known, that Johns-Manville's products would be distributed throughout the United States, including Connecticut. CSR argues that an examination of the totality of its contacts — or the lack thereof — with Connecticut shows that CSR is not subject to jurisdiction under § 33-411(c). CSR also argues that this court's exercise of jurisdiction would violate the defendant's rights to due process as guaranteed under the Due Process Clause of the federal constitution.
Under the first part of the jurisdictional inquiry, this court must examine the defendant's contacts in Connecticut and its activities directed at Connecticut. This court can not assert jurisdiction under § 33-411 (c)(3) unless the defendant has had some sort of direct contact with Connecticut. See, e.g.Natale v. Development Associates, Inc., Superior Court, judicial district of Middletown, Docket No. 267349 (July 26, 1993, Higgins, J.) (9 Conn. L. Rptr. 434); The Vitale FireworksDisplay Company, Inc. v. S. Mantsuna Co., Ltd., Superior Court, judicial district of Litchfield, Docket No. 064860 (October 31, 1994, Picket, J.) (12 Conn. L. Rptr. 579); Spahl v.Raymark Industries, Superior Court, judicial district of Windham at Putnam, Docket No. 550359 (September 9, 1996, Sferrazza, J.). The evidence does not show the requisite contacts.
CSR is incorporated under the laws of Australia and has its principal place of business in Sydney, Australia. It has never been incorporated or licensed to do business in Connecticut. CSR sold to Johns-Manville raw material that Johns-Manville used in the manufacture of transite pipe. None of Johns-Manville's manufacturing activities took place in Connecticut. CSR never shipped asbestos to Connecticut. CSR never conducted or solicited business in Connecticut. None of its sales took place in Connecticut. CSR never "produced, manufactured or distributed" asbestos-containing products in Connecticut or elsewhere in the United States. CSR has never entered into a contract that was to CT Page 8482 be performed in whole or part in Connecticut.
This court holds, as did the court in the Sprahl case,supra, "that no personal jurisdiction [is] obtained under our long-arm statute over foreign corporations whose only contacts with Connecticut with respect to the cause of action was to supply raw material which was part of another product made by others which eventually was sold in Connecticut."
The motion to dismiss is granted.
THIM, JUDGE